# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FLORIDA INSURANCE GUARANTY ASSOCIATION,**

       **Plaintiff,**

**v.**                                             **Case No: 6:12-cv-160-Orl-31KRS**

**NATIONAL PRESTO INDUSTRIES, INC.,**

       **Defendant.**

## ORDER

This cause comes before the Court on a Motion for Summary Judgment (Doc. 34) filed by Defendant National Presto Industries, Inc. ("Presto"); a Response (Doc. 46) filed by Plaintiff, Florida Insurance Guaranty Association, ("FIGA"); and Defendant's Reply (Doc. 49).

### I.  Background

This product liability case arises out of a fire that occurred on December 20, 2008, in the house of Jason and Jennifer James (the "Jameses") in Apopka, Florida. Following an investigation, it was determined that the fire started on a counter-top in the kitchen in the vicinity of a deep fryer (the "Fryer") manufactured by Presto. The Jameses were paid more than $463,000.00 by their insurance company for the damages to the home, loss of contents, and relocation expenses. FIGA, the successor in interest to the original insurance company, now brings this action against Presto, asserting two causes of action, breach of warranty (Count I) and Negligence (Count II). Presto now moves for summary judgment on both Counts.

### II.     Standard

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no

probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

### III.   Discussion

Presto argues that summary judgment should be granted in its favor because FIGA has no evidence that the Fryer was defective. In any product liability action, a plaintiff must show that the product was defective. *Pulte Home Corp., Inc. v. Ply Gem Indus., Inc.*, 804 F. Supp. 1471, 1486 (M.D. Fla. 1992) ("The necessity of proving defectiveness of the product applies no matter what theory governs the particular action: negligence, breach of express or implied sales warranty, strict liability, or any other theory." (citing 63 Am. Jur. 2d 224 (1984 & Supp. 1992))). *Cassisi v. Maytag Co.*, 396 So. 2d 1140, 1143 (Fla. 1st DCA 1981) (A plaintiff has the burden, "whether their case is founded in negligence, breach of an implied warranty, or strict liability, of establishing (1) that a defect was present in the product; (2) that it caused the injuries complained of; and (3) that it existed at the time the retailer or supplier parted possession with the product.").

In this case, Plaintiff's only evidence that the Fryer was defective is the opinion of a single expert, Philip Weis, who opines that the bimetallic element in the thermostat malfunctioned, allowing oil in the Fryer to heat to the point of combustion. Weis admits in deposition, however, that there was no evidence of such a defect, only that "I think it's very likely that there was a failure of the bimetallic thermostat element." (Doc. 43-3 at 136:14-20). This opinion appears to be based on a single test he performed using a similar fryer. He was able to create a fire within twenty-five minutes if he reduced the amount of oil in the fryer to 10 ounces and disabled the thermostat. From this, he concludes that the bimetallic element in the thermostat must have failed.

Significantly, however, Weis offers no opinion on how, or whether, this malfunction actually occurred. His opinion is based solely on speculation. (Doc. 43-3 at 136).[1]

Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), permit expert testimony only if the methodology used by the expert is sufficiently reliable. Here, there is insufficient evidence to conclude that Weis's testimony is sufficiently reliable with respect to his opinion about the defectiveness of the bimetallic element. The test he did perform, while it appears to be scientifically sound, is insufficient to support his opinion that the Fryer was defective. It suggests only that a fryer with 10 ounces of oil and a disabled thermostat could cause a fire. It offers no insight into how, or whether, the thermostat failed. Weis nevertheless concludes that it must have failed, but when pressed in deposition, he was unable to articulate any basis for this conclusion. (*See* Doc. 43-3 at 133-37). As such, his testimony amounts to nothing more than inadmissible *ipse dixit,* as "the only connection between the conclusion and the existing data is the expert's own assertions." *Guinn v. AstraZeneca Pharmaceuticals LP*, 598 F. Supp. 2d 1239, 1243 (M.D. Fla. 2009) *aff'd,* 602 F.3d 1245 (11th Cir. 2010) (quoting *McDowell v. Brown,* 392 F.3d 1283, 1300 (11th Cir. 2004) (citing *Gen. Elec. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997))); *see also Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[A] party may not avoid summary judgment solely on the basis of an expert's opinion that fails to provide specific facts from the record to support its conclusory allegations.").

Plaintiff attempts to avoid summary judgment by pointing to three things, (1) that there is evidence the Fryer was low on oil when the fire started—and the manual lacked sufficient warning

---

[1] Weis has been in possession of the bimetallic element since 2009 and has not yet, as far as the record for summary judgment is concerned, performed any tests to determine whether it is defective.

of the attendant dangers of low-oil levels, (2) the power cord became hot during use, and (3) that the Fryer was plugged-in at the time of the fire. None of these arguments, however, remedy the basic fault in Plaintiff's case—there is no evidence of a defect that was capable of causing the fire. Lacking evidence of this essential element, summary judgment must be granted in favor of Defendant.

It is therefore,

**ORDERED** that Defendant's Motion (Doc. 34) is **GRANTED**. Summary judgment is granted in favor of Defendant and against Plaintiff on all counts.

**DONE** and **ORDERED** in Orlando, Florida on July 18, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties